# STATE OF VERMONT

SUPERIOR COURT  
Vermont Unit

ENVIRONMENTAL DIVISION  
Docket No. 142-10-12 Vtec

---

| Willowell Foundation CU |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Amend Judgment (Motion 5)  
Filer:          Sheryl Knauth  
Attorneys:   Philip C. Woodward, James W. Runcie  
Filed Date:  July 24, 2014

Response in Opposition filed on 08/07/2014 by Attorney F. Rendol Barlow for Cross Appellant Willowell Foundation  
Reply filed on 08/18/2014 by Attorney James W. Runcie, Co-counsel for Sheryl Knauth

**The motion is GRANTED IN PART and DENIED IN PART.**

This Court issued its Decision on the Merits and accompanying Judgment Order in this matter on July 10, 2014. In that decision and judgment order, the Court approved the conditional use and site plan applications of the Willowell Foundation (Willowell) for a community center and related improvements on Willowell's 229.8-acre parcel on Bristol Road in the Town of Monkton, Vermont. Andrew Higbee and Sheryl Knauth (Appellants) now move to alter or amend that final judgment pursuant to Vermont Rule of Civil Procedure 59(e).

In their motion, Appellants ask the Court to address three issues. First, Appellants note that Willowell agreed to the creation of a one- to two-foot-high berm along a drainage swale between Appellants' and Willowell's properties; they ask the Court to amend the decision to require this berm. Second, Appellants ask this Court to remove the order that upon receipt of the revised site plan the Zoning Administrator shall issue a zoning permit for the project. Finally, Appellants ask for clarification regarding the Court's decision in relation to compliance with the prior subdivision approval for the subject property.

We have identified four principal reasons for granting a Rule 59(e) motion: (1) "to correct manifest errors of law or fact"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1); Drumheller v. Drumheller, 2009 VT 23, ¶ 29, 185 Vt. 417 ("Vermont Rule 59(e) is substantially identical to Federal Rule of Civil Procedure 59(e), and we have looked to federal

1

decisions interpreting the federal rule for guidance in applying the Vermont rule."). The grant of a motion to alter or amend "a judgment after its entry is an extraordinary remedy which should be used sparingly." 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1.

First, regarding the berm, in its Opposition to Appellants' Motion to Amend Judgment, Willowell agrees to construct the berm in order to prevent any overflow water in the drainage swale from reaching Appellants' property. As Willowell agrees to this condition, we hereby adopt it and require that Willowell create a one- to two-foot-high berm along the east side of the drainage swale depicted on Exhibit B, Sheet 4 that lies between the Willowell Project and Appellants' property.[1]

Second, regarding the directive to the Monkton Zoning Administrator (ZA), Appellants point to none of the four principal reasons for granting a Rule 59(e) motion in asking the Court to remove the sentence in our decision that states: "Upon receipt of the revised site plan, we direct that the Zoning Administrator issue a zoning permit consistent with this decision." In re Willowell Foundation CU Permit, No. 142-10-12 Vtec, slip op. at 29 (Vt. Super. Ct. Envtl. Div. July 10, 2014) (Walsh, J.). Due to changes to the site plan presented at trial, particularly related to landscaping, the Court requires that Willowell create and submit to the ZA a revised site plan that accurately depicts the project as approved and conditioned in our decision. Id. We direct that the ZA issue the permit authorized in our merits decision upon receipt of this submission. We find no error in this decision. Appellants argue that other requirements of the Town of Monkton Unified Planning Document (UPD) may not yet be met. We clarify here, and Willowell agrees, that any requirements of the UPD not addressed by our decision must also be met. The ZA's authority, however, is ministerial and not discretionary. Thus, once Willowell submits the revised site plan and satisfies any other UPD requirements the ZA shall issue the permit.

Finally, Appellants have also presented no error of law or fact or other reason to support alteration of our decision related to the effect of the prior subdivision approval. As noted in both our decision on the merits and the earlier decision on motions for summary judgment, Appellants have argued that Willowell needs to comply with alleged conditions from a prior subdivision approval. Id. at 16; In re Willowell Foundation CU Permit, No. 142-10-12 Vtec, slip op. at 2–3 (Vt. Super. Ct. Envtl. Div. Aug. 19, 2013) (Walsh, J.). Specifically, Appellants alleged that a certain area of Willowell's parcel was limited to agricultural uses (the agricultural reserve) and that buildings may be located only within the building envelopes depicted on the subdivision plat. Appellants now request that we either strike certain portions of our decision or expressly hold that Willowell is in compliance with these alleged permit conditions. Finding no error in our merits decision we decline this request.

For Appellants' benefit, we again clarify our holding related to the subdivision approval. The subdivision at issue is final and cannot now be considered by the Court. Willowell Foundation CU, No. 142-10-12 Vtec, slip op. at 16 (Vt. Super. Ct. Envtl. Div. July 10, 2014) (citing 24 V.S.A. § 4472). The Court could not, however, approve the conditional use and site plan

---

[1] Because the parties agree to this condition, we need not consider whether any of the four principal reasons for granting a Rule 59(e) motion are present.. .

applications that are properly before it if those applications violated an enforceable condition of a final and binding subdivision approval. Here, because the parties did not produce the subdivision approval or sufficient evidence of any binding permit conditions imposed as part of the subdivision approval, Willowell need not comply with the permit conditions Appellants allege exist. Id. at 16–17.

For the reasons stated above, we **GRANT IN PART** and **DENY IN PART** Appellants' motion to alter or amend our July 10, 2014 decision. We amend our July 10, 2014 merits decision to require Willowell to construct a one- to two-foot-high berm along the east side of the drainage swale depicted on Exhibit B, Sheet 4 that lies between the Willowell Project and Appellants' property. This berm shall be depicted on Willowell's revised site plan.

Electronically signed on September 02, 2014 at 12:02 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
F. Rendol Barlow (ERN 1666), Attorney for Cross Appellant Willowell Foundation
Philip C. Woodward (ERN 2854), Attorney for Interested Person Andrew Higbee
Philip C. Woodward (ERN 2854), Attorney for Interested Person Sheryl Knauth
Liam L. Murphy (ERN 3953), Attorney for Interested Person Town of Monkton
Co-Counsel for party 6 Damien J. Leonard
James W. Runcie (ERN 2173), Attorney for party 4 Co-counsel
James W. Runcie (ERN 2173), Attorney for party 5 Co-counsel
Mark L. Sperry (ERN 3715), Attorney for party 3 Co-counsel